UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TRINITY GLASS INTERNATIONAL, INC. a Washington corporation, and RIGHT CONCEPT, INC. a Washington corporation,<br><br>Plaintiffs,<br><br>v.<br><br>LG CHEM LTD., a Korean corporation, and LG CHEM AMERICA, INC., a New Jersey corporation,<br><br>Defendants. | Case No. 09-5018RJB<br><br>ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION |

This matter comes before the Court on the above captioned motion (Dkt. 75). The Court has considered the motion and the relevant documents herein.

On July 8, 2010, the Court issued an Order denying Defendants' motion for partial summary judgment (Dkt. 72). The Court specifically noted that it was uncertain whether the economic loss rule applies in this case since it was unable to determine if a contract was formed. On July 21, 2010, the Defendants filed a motion for reconsideration arguing that the Court's holding constitutes "manifest error" in light of *Berschauer/Phillips Construction Co. v. Seattle School District No. 1*, 881 P.2d 986 (Wash. 1994). Dkt. 75, p. 2. The Defendants request that the Court reconsider its ruling and dismiss Right Concept's tort claims entirely or, at the very least, reserve judgment on the economic loss issue. *Id*. The Court believes the Defendants' motion is without merit, that the Defendants have already argued this issue, and that Court did

ORDER - 1

1  not commit manifest error.

2      Motions for reconsideration are disfavored. CR 7(h)(1). The Court will ordinarily deny

3  such motions in the absence of a showing of manifest error in the prior ruling or a showing of

4  new facts or legal authority which could not have been brought to its attention earlier with

5  reasonable diligence. *Id*.

6      The Defendants argue that *Berschauer* stands for the proposition that a contract is not

7  needed for the economic loss doctrine to apply, which would prevent Right Concept's tort

8  claims. Dkt. 75. First, the Defendants have already presented this argument in their motion for

9  summary judgment and the Court has addressed their argument. *See* Dkt. 34, p. 24-25; Dkt. 72,

10  p.8. The Defendants do not present any new legal authority in their motion for reconsideration

11  which could not have been brought to the Court's attention earlier.

12      Additionally, the Court has not committed manifest error. The Defendants argue that a

13  contract is not needed to apply the economic loss doctrine and cites *Berschauer* to support their

14  contention. Dkt. 75, p. 3. Defendants specifically state that the *Berschauer* court held that the

15  economic loss rule could be applied to bar a plaintiff's tort claims even in the absence of a

16  contract between plaintiff and the defendants. *Id*. However, the Defendants' misconstrue the

17  holding in *Berschauer* and the relevant law regarding the economic loss doctrine. While it is

18  true that there was no contract between the plaintiff and defendants in the *Berschauer* case, the

19  school district, which did have a contract with the defendants, assigned "any and all" claims

20  relating to the project against the defendants to the Plaintiff as part of a settlement agreement.

21  124 Wash.2d at 820; *see also Affiliated FM Insurance Co. v. LTK Consulting Services, Inc*., 556

22  F.3d 920 (9th Cir. 2009)("In *Berschauer*, the plaintiff-general contractor was not in privity of

23  contract with the defendants, but the District, which was in privity of contract with two of the

24  defendants, had assigned its contract claims to the plaintiff.") The *Berschauer* court goes on to

25  hold that recovery of economic loss due to construction delays is limited to the remedies

26  provided by contract. *Id*. at 826. Moreover, the *Berschauer* court recognizes the tort of

27  negligent misrepresentation in Washington. *Id*. at 827-28. The *Berschauer* court specifically

28  states that "when parties have contracted to protect against potential economic liability... contract

ORDER - 2

1  principles override the tort principles... and, thus, purely economic damages are not
2  recoverable." *Id*. at 828.  This holding connotes the tort claim of negligent misrepresentation,
3  standing alone, is a recognized cause of action, and that there must be a contract, or a bargained
4  for agreement allocating risks, to override or exclude that tort claim.

5      In addition to the *Berschauer* case, the Washington Supreme Court clarified the rule in a
6  subsequent case.  In *Alejandre v. Bull*, 159 Wash.2d 674, 683 (Wash. 2007), the Washington
7  Supreme Court specifically stated that "the purpose of the economic loss rule is to bar recovery
8  for alleged breach of tort duties where a contractual relationship exists and the losses are
9  economic losses."  The Washington Supreme Court explicitly stated that there are two elements
10 to apply the economic loss rule: (1) a contractual relationship and (2) the losses were economic
11 losses.  The Court has not found and the Defendants have not cited authority that holds that the
12 economic loss rule prohibits tort claims when there is no contract relationship.  For the
13 aforementioned reasons, the Court did not commit manifest error.  Since the Court has not
14 committed manifest error and the Defendants have not shown that there is new legal authority,
15 the Defendants' motion for reconsideration should be denied.

16     Finally, to clarify the Court's order denying Defendants' partial summary judgment (Dkt.
17 72), the Court restates that it did not reach the issue of whether the economic loss rule applied in
18 this situation since it could not determine if a contract was formed.  The economic loss rule may
19 or may not apply depending on the further proceedings of this matter.

20     The Court does hereby find and **ORDER**:

21     (1) Defendants' Motion for Reconsideration (Dkt. 75) is **DENIED**; and

22     (2)  The Clerk is directed to send copies of this Order all counsel of record and any party
23 appearing *pro se* at said party's last known address.

24     DATED this 10th day of August, 2010.

                                      Robert J Bryan
                                      United States District Judge