1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
9                               AT TACOMA

10   TRINITY GLASS INTERNATIONAL, INC.,
     a Washington corporation and RIGHT
11   CONCEPT, INC., a Washington corporation,        Case No. 09-5018RJB

12                     Plaintiffs,                   ORDER DENYING PLAINTIFFS'
                                                     MOTION FOR PARTIAL
13        v.                                         SUMMARY JUDGMENT

14   LG CHEM LTD., a Korean corporation and
     LG CHEM AMERICA, INC., a New Jersey
15   corporation,

16                     Defendants.

17

18         This matter comes before the Court on the above captioned motion (Dkt. 60).  The Court

19   has considered the motion, responses, and the relevant documents herein.

20              **I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

21         The underlying facts are known to the parties and the Court and will not be repeated

22   herein.  On March 9, 2009, Plaintiffs Trinity and Right Concept filed an amended complaint

23   against Defendants LG Chem and LG America (Dkt. 10) alleging, among other things,

24   concealment, breach of contract, promissory estoppel, negligent misrepresentation, fraud, and

25   tortious interference with business expectancies.  On June 24, 2010, Plaintiffs filed this motion

26   for partial summary judgment alleging that the Defendants made express warranties, that the

27   Defendants breached those express warranties, that the Defendants breached their duty of good

28

1   faith under the Washington state Uniform Commercial Code ("UCC"), and committed fraud,

2   fraudulent concealment and negligent misrepresentation.  Dkt. 60.

3                                          **II. DISCUSSION**

4   **A. Summary Judgment Standard**

5          Summary judgment is proper only if the pleadings, the discovery and disclosure materials

6   on file, and any affidavits show that there is no genuine issue as to any material fact and that the

7   movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c). The moving party is

8   entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient

9   showing on an essential element of a claim in the case on which the nonmoving party has the

10  burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).  There is no genuine issue

11  of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find

12  for the non moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

13  (1986)(nonmoving party must present specific, significant probative evidence, not simply "some

14  metaphysical doubt.").  *See also* Fed.R.Civ.P. 56(e).  Conversely, a genuine dispute over a

15  material fact exists if there is sufficient evidence supporting the claimed factual dispute,

16  requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty*

17  *Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors*

18  *Association*, 809 F.2d 626, 630 (9th Cir. 1987).

19         The determination of the existence of a material fact is often a close question.  The court

20  must consider the substantive evidentiary burden that the nonmoving party must meet at trial –

21  e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477 U.S. at 254, *T.W. Elect.*

22  *Service Inc.*, 809 F.2d at 630.  The court must resolve any factual issues of controversy in favor

23  of the nonmoving party only when the facts specifically attested by that party contradict facts

24  specifically attested by the moving party.  The nonmoving party may not merely state that it will

25  discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial

26  to support the claim.  *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra).*

27  Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not

28  be "presumed."  *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

ORDER - 2

**B. Express Warranties**

Express warranties may be created in one of three ways: (1) any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain; (2) any description of the goods which is made part of the basis of the bargain; and (3) any sample or model which is made part of the basis of the bargain.  RCW 62A.2-313(1). Plaintiffs appear to be asserting express warranties by description under RCW 62A.2-313(1)(b), and by sample under RCW 62A.2-313(1)(c).  "'Express' warranties rest on 'dickered' aspects of the individual bargain...."  Official cmt. 1, RCW 62A.2-313.

"Words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other."  RCW 62A.2-316(1).  "Warranties whether express or implied shall be construed as consistent with each other and as cumulative, but if such construction is unreasonable the intention of the parties shall determine which warranty is dominant."  RCW 62A.2-317.

"A description need not be by words.  Technical specifications... and the like can afford more exact description than mere laguage and if made part of the basis for the bargain goods must conform with them."  Official cmt. 5, RCW 62A.2-313.

"The basic situation as to statements affecting the true essence of the bargain is no different when a sample or model is involved in the transaction."  Official cmt. 6, RCW 62A.2-313.  "In general, the presumption is that any sample or model just as any affirmation of fact is intended to come a basis of the bargain."  *Id*.

> The question is whether the seller has so acted with reference to the sample as to make him responsible that the whole shall have at least the values shown by it. The circumstances aid in answering this question.  If the sample has been drawn from an existing bulk, it must be regarded as describing values of the goods contracted for unless it is accompanied by an unmistakable denial of such responsibility.  If, on the other hand, a model of merchandise not on hand is offered, the mercantile presumption that it has become a literal description of the subject matter is not so strong....

> *Id*.

"Where the facts in a given case are in dispute, or where different conclusions may be drawn from the facts presented, the question of whether a given transaction constitutes a sale by

1    sample or a sale by description, or both, presents a question of fact for the jury." *O.I. Hall v.*

2    *Puget Sound Bridge and Dry Dock Co.*, 403 P.2d 41, 44 (Wash. 1965).

3    **A. Pleadings**

4         Defendants first make the argument that the Plaintiffs' motion for partial summary

5    judgment should be denied because the Plaintiffs did not plead a claim for breach of express

6    warranty.  Dkt. 76, p. 11.  Plaintiffs respond by in essence arguing that the pleadings only require

7    factual allegations which support a claim; an express legal claim need not be pleaded.  Dkt. 81,

8    p. 5.  A pleading that states a claim for relief must contain a short and plain statement of the

9    claim showing that the pleader is entitled to relief.  Fed.R.Civ.P. 8(a)(2).  "[W]here... the

10   complaint does not include the necessary factual allegations to state a claim, raising such claim

11   in a summary judgment motion is insufficient to present the claim to the district court."  *Navajo*

12   *Nation v. United States Forest Serv.* 535 F.3d 1058, 1080 (9th Cir. 2008).  The Plaintiffs'

13   pleadings, even though the allegations are broad, appear to be enough to support a claim for

14   express warranty.  The Plaintiffs did allege representations were made regarding the goods sold

15   and it was alleged that such representations became part of the basis of the bargain.  In paragraph

16   6 of the amended complaint, the Plaintiffs alleges that several promises were made regarding the

17   resin which was purchased by Trinity.  Dkt. 10, p. 2.  Plaintiff Trinity alleges that they were

18   persuaded to purchase the resin due to the promise.  *Id.*  The Plaintiffs make similar factual

19   allegations in other parts of their pleadings which could support the claim of breach of express

20   warranty.  *See* Dkt. 10, ¶ 9, 10, and 13.

21   **B.  Substantive Arguments**

22        Plaintiffs assert that there was breach of warranty by Defendants, that Defendants

23   breached their duties of good faith and fair dealing, and that Defendants made negligent

24   misrepresentations.  Dkt. 60.

25        **1. Express Warranty**

26        Plaintiffs assert that an express warranty was formed when in October 2001 Plaintiff

27   Trinity tested and approved an LG production sample of Lupoy EU5007 and when a final recipe

28   for Lupoy EU5007 was established.  Dkt. 60, p. 6.  Plaintiffs state that the recipe and the sample

ORDER - 4

1   tested became the basis of the bargain.  *Id*.  Plaintiffs state that all goods sold to Trinity after its

2   testing and approval were expected to conform to the sample and recipe of Lupoy EU5007.  *Id*.

3          Defendants contend that there was no recipe warranty.  Dkt. 76, p. 12-16.  Defendants

4   argue that there is no evidence that the parties, by using the term Lupoy EU5007, meant to

5   convey a specific recipe.  Dkt. 76, p. 13.  Defendants allege that recipe changes in the plastics

6   industry is not unusual.  *Id*.  Defendants contend that the recipe could not form the basis for an

7   express warranty since the Plaintiffs never saw the actual recipe.  Dkt. 76, p. 12.  Moreover,

8   Defendants argue, LG Chem changed the recipe for the resin several times during the

9   development phase in 2000 and 2001, and told Trinity of the changes.  Dkt. 76, p. 13.

10  Defendants state that Trinity never objected to the changes in the recipe.  *Id*.  Defendants also

11  contend that Plaintiffs' theory of express warranty by sample or model also fails.  Dkt. 76, p. 14-

12  16.  Defendants finally assert that it is the properties of the resin, not a particular recipe, that

13  establish the parties' rights and duties.  Dkt. 76, p. 16.

14         There is a genuine issue of material fact as to what became the basis of the bargain,

15  whether the sample and recipe were the basis of the bargain, and whether the goods sold did

16  conform to the express warranty.

17         Plaintiffs first assert that all subsequent goods sold after testing and approval would be

18  Lupoy EU5007 and consist of the same recipe.  However, Defendants argue that it is trade

19  custom to change the recipe without changing the label.  This dichotomy creates a genuine issue

20  of material fact.  It is uncertain whether the Plaintiffs bargained for the exact recipe, which the

21  Defendants assert the Plaintiffs did not have knowledge of and were indifferent to, or whether

22  the Plaintiffs bargained for Lupoy EU5007, whose recipe might change according to trade

23  custom.  Dkt. 76, p. 13.  It is also uncertain as to whether the Defendants breached any express

24  warranty which may have been created by sample or model.

25         Plaintiffs next assert that the sample tested became the basis of the bargain and created an

26  express warranty.  Defendants argue that exact specifications displace an inconsistent sample or

27  model according to RCW 62A.2-317.  First, Defendants misconstrue RCW 62A.2-317.  The

28  statute states that if warranties cannot be construed as consistent in a reasonable manner, then an

ORDER - 5

1 exact specification can displace an inconsistent sample or model.  In this case, the Defendants

2 have not argued that the warranties can not be construed as consistent in a reasonable manner.

3 However, Official comment 6 to RCW 62A.2-313 states that the "question is whether the seller

4 has so acted with reference to the sample as to make him responsible that the whole shall have at

5 least the values shown by it."  Here, there is a genuine issue of material fact.  Defendants state

6 that the parties reduced all their pre-sale negotiations to a specific list of minimum mechanical

7 properties.  Dkt. 76, p. 16.   Defendants assert that five property categories were agreed upon.

8 Dkt. 77, p. 5, ¶¶ 10, 5.  However, Plaintiffs state there were 11 properties of Lupoy EU5007

9 which were bargained for.  Dkt. 81, p. 8.  There is a question of what exactly was bargained for

10 and what were the understandings of the parties.

11    Moreover, even if the Court assumes that Plaintiffs did bargain for the 11 properties of

12 Lupoy EU5007 and it created an express warranty, the Plaintiffs have not shown how or if

13 Defendants breached the warranty except to state that the resins did not "conform" to the sample.

14 The evidence that was provided by Plaintiffs may or may not be admissible at trial, and under the

15 summary judgment standard, they were given their due weight.  However, there still remains a

16 genuine issue of material fact as to whether the subsequent goods met or failed to meet any

17 express warranty.  For the foregoing reasons, the Plaintiffs' motion for summary judgment as to

18 express warranties should be denied.

19    **2. Duty of Good Faith (Fraud by nondisclosure/concealment)**

20    Plaintiffs also appear to make a separate argument regarding duty of good faith and the

21 duty to disclose.  Dkt. 60, p. 7.  Plaintiffs appear to argue that, since Defendants represented that

22 they were selling "Lupoy EU5007," any change in the recipe or formula should have been

23 disclosed.  *Id*.  Defendants respond by arguing that there is only a duty of good faith and fair

24 dealing in the performance of obligations imposed by an agreement and that a duty only arises in

25 connection with terms agreed to by the parties.  Dkt. 76, p. 16-17.  Defendants also argue that

26 there is no duty created from the course of dealings between the parties.  Dkt. 76, p. 17.

27    Because there is a genuine issue of material fact regarding what was bargained for, the

28 Court is unable to resolve whether there was a duty to disclose a change in recipe or if any duty

1  was breached.  For the foregoing reasons, Plaintiffs' motion for summary judgment as to duty of

2  good faith claim should be denied.

3          **3. Fraud, Fraudulent Concealment, and Negligent Misrepresentation**

4          Plaintiffs appear to assert that Defendants committed fraud, concealed material

5  information which results in fraud, and made negligent misrepresentations.  Dkt. 60, p. 12.

6  Defendants respond by asserting that the Plaintiffs cannot show fraud, fraudulent concealment,

7  or negligent misrepresentation.  Dkt. 76, p. 19-22.  The Plaintiffs arguments fail.  Their

8  arguments are largely conclusory and not supported by evidence.  Even if the Court reads the

9  Plaintiffs' motion broadly, there exists a genuine issue of material fact.  See Dkt. 76, p. 19-21.

10  Therefore, Plaintiffs' motion for summary judgment as to the fraud, concealment, and

11  misrepresentation claims should be denied.

12  **C. Defendants' Motion to Strike Andrew Na's Declaration**

13          Defendants in their response to Plaintiffs' motion for summary judgment, request that the

14  Court strike paragraphs 3-6 of the Declaration of Andrew Na (Dkt. 64).  Dkt. 76, p. 22.  Rather

15  than strike said paragraphs, the Court will give the Mr. Na's testimony its due weight, which is

16  slight, as it relates to the issues raised by the Motion for Partial Summary Judgment.

17                                          **III. ORDER**

18          The Court does hereby find and ORDER:

19          (1) Plaintiffs' Motion for Partial Summary Judgment (Dkt. 60) is **DENIED**; and

20          (2)  The Clerk is directed to send copies of this Order all counsel of record and any party

21  appearing *pro se* at said party's last known address.

22          DATED this 2nd day of September, 2010.

23

24

25                                          Robert J. Bryan
                                            United States District Judge

26

27

28

ORDER - 7